1   Melvin Teitelbaum, Esq.
    (California  SBN 97884)
2   7162 Beverly Blvd. # 123
    Los Angeles, California 90036
3   Telephone: (213) 804-3001
    melteitelbaum@earthlink.net
4

5

6   Attorney for Defendant
    KOSHERCO, LLC
7

8

9

10          IN THE UNITED STATES DISTRICT COURT FOR

11             THE CENTRAL DISTRICT OF CALIFORNIA

12

13

14   ROCKEFELLER PHOTOS, LLC     )   Civil Action No. 2:25-cv-04092-
                                 )   DMG-MBK

15         Plaintiff,               )   **NOTICE AND MOTION OF**
                                 )   **DEFENDANT KOSHERCO, LLC  TO SET**

16     vs.                    )   **ASIDE DEFAULT ENTERED AGAINST**
                                 )   **IT BY THE COURT CLERK ON AUGUST**

17   KOSHERCO, LLC , d/b/a/ Koshco Superstore )   **6, 2025; MEMORANDUM OF POINTS**
                                 )   **AND AUTHORITIES; DECLARATIONS**

18         Defendant            )   **OF DANIEL HECHT AND MELVIN**
                                 )   **TEITELBAUM; EXHIBITS**

19                                  )
                                 )

20                                  )   **DATE: OCT 1, 2025**
                                   **TIME: 10:00 A.M.**

21                                    **CTRM: 550 (5TH FLR)**

22

23

24

25

26

27

28

**TO ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 21, 2025, at 9:15 a.m. in Department 15, of the UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA located at 255 E Temple Street Los Angeles, California 90012, Defendant KOSHERCO, LLC will move the court, in Courtroom 550 on the 5th floor, for an order setting aside the default entered against KOSHERCO, LLC by the clerk of this court on August 6, 2025. On the grounds that KOSHERCO, LLC did nothing culpable to cause said default to be entered against it, that KOSHERCO, LLC has a meritorious defense which it is prepared to present and assert in the within action and that there will be no prejudice to plaintiff ROCKEFELLER PHOTOS, LLC from the setting aside of said default.

This motion is based on the moving papers, memorandum of points and authorities, the Declarations of Daniel Hecht and Melvin Teitelbaum, Esq. filed herewith, Exhibits thereto and such further evidence as the court may allow to be presented at the hearing on this motion.

Respectfully submitted,

Dated: August 20, 2025

*melvin teitelbaum*
_____

Melvin Teitelbaum, Esq.

Attorneys for Defendant

KOSHERCO, LLC

1. **ENTRY OF DEFAULT RESULTED FROM PLAINTIFF'S FAILURE TO ENGAGE IN NEGOTIATION WHICH WAS THE BASIS PLAINTIFF HAD ASSERTED IN ITS UNILATERALLY FILED "AGREED" MOTION TO AVOID THE COURT DISMISSING THE WITHIN ACTION**

The within action was filed by plaintiff ROCKEFELLER PHOTO, LLC (ROCKEFELLER) alleging violation of its copyright of a photo of an eggplant by defendant KOSHERCO, LLC.   Defendant, in an email of July 3 and in a follow up telephone call, explaining the *de minimus* nature of the alleged violation,  requested the parties negotiate a resolution and avoid further litigation regarding such a *de minimus* alleged infraction.

Thereafter, ROCKEFELLER, without informing KOSHERCO filed, unilaterally, on July 11, 2025,  what it designated as an "Agreed" motion for extension of time to Answer to provide some time for the parties to try to negotiate a resolution.  ROCKEFELLER did not inform KOSHERCO that it was filing such a motion did not serve on KOSHERCO such a motion and, indeed, KOSHERCO had no notion that ROCKEFELLER had filed said "Agreed" motion. Furthermore, ROCKEFELLER did not participate in any negotiation with KOSHERCO during the entire time that the court had agreed not to dismiss. Thereafter, ROCKEFELLER obtained this default against KOSHERCO.

2. **DEFAULT DID NOT RESULT FROM ANY CULPABLE ACT ON THE PART OF KOSHERCO,  KOSHERCO HAS A MERITORIOUS DEFENSE AND NO PRERJUDICE WILL RESULT TO ROCKEFELLER FROM SETTING ASIDE THE DEFAULT**

a) *no culpable act by  defendant:*     As noted, default was entered as a result of ROCKEFELLER's absolute failure to abide by the court's intent in not dismissing this action. ROKEFELLER, in its  so called "Agreed" motion advised the court that said "Agreed" motion was for the purpose of providing the parties an opportunity to try and resolve the within action without further litigation. However, ROCKEFELLER disappeared and, for the 2 weeks provided in said "Agreed" motion, failed to communicate at all with KOSHERCO.

b) *meritorious defense* : KOSHERCO has a meritorious defense as is recited in the declaration filed herewith by Daniel Hecht that it had no knowledge of the copyright, ceased use immediately upon receiving such notice and that it gained nothing at all from the brief period of use.

c) *No prejudice to ROCKEFELLER*:  There is no prejudice at this early stage in the within action to ROCKEFELLER being able to pursue it causes of action alleged herein

### 3.  SETTING ASIDE DEFAULT IS THE PREFERRED APPROACH IN UNITED STATES COURTS

In  *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) the Court explained that it considers three factors when deciding whether to set aside default:  (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside default would prejudice the plaintiff. (*Id*. at 925-26).  In addition, another court noted  "[t]he law does not favor defaults," and "therefore, any doubts as to whether a party should be maintained in  default should be decided in favor of the defaulting party." *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995).

And, in the Ninth Circuit, analysis of "culpability" for the purposes of demonstrating "good cause" under Rule 55(c) overlaps with the standard for "excusable neglect" under Rule 60(b)(1). *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (questioned on other grounds); *also see Meadows v. Dominican Republic*, 817 F.2d 517, 522 (9th Cir. 1987) (finding that the conduct of defendants in district court was culpable because defendants were aware of federal law, and their intentional failure to respond to the action was not excusable neglect).

The Ninth Circuit finds a negligent failure to respond excusable if the defaulting party offers a credible, good-faith explanation for the delay that negates "any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process." *Knoebber*, 244 F.3d at 697-98. Further, in

analyzing culpability, the Court may consider a defendant's exigent personal matters, his mental state, and his lack of familiarity with legal matters. *See id.* at 699 (finding defendant's delay in response not culpable because she was grieving the death of her husband and was not familiar with the legal system).

WHEREFORE absent any culpable act by defendant KOSHERCO, absent any prejudice to plaintiff ROCKEFELLER and the presence of a meritorious defense for defendant KOSHERCO the motion to set aside the default of KOSHERCO herein, should be granted. Indeed, as a result of ROCKEFLLER not complying with its own assurance to this court to engage in negotiations, which was the basis for the court not then dismissing the within action, the court, *sua sponte*, should now dismiss it.

August 20, 2025                                    Respectfully  submitted,


_melvin teitelbaum_____

MELVIN TEITELBAUM

ATTORNEY FOR DEFENDANT

KOSHERCO, LLC


Melvin Teitelbaum, Esq.
(California  SBN 97884)
7162 Beverly Blvd. # 123
Los Angeles, California 90036
Telephone: (213) 804-3001
melteitelbaum@earthlink.net

## DECLARATION OF DANIEL HECHT

I, DANIEL HECHT, declare:

1. THAT I am the managing partner of defendant herein Kosherco, LLC.

2. THAT in or about JANUARY 2021 I saw a picture of an eggplant on-line. I liked the picture and decided to use it on our website and in the local advertising promotions that we do on-line. Kosherco, LLC is a kosher supermarket selling a complete range of food products like any other supermarket. We are located in the Pico Robertson neighborhood of Los Angeles and our advertising is focused on the kosher consumers in that neighborhood. I placed the eggplant picture on our own website and on a flyer we email our customers when we want to put a special.

3. THAT I did not see any indication that this eggplant picture is copyright. As Rockefeller points out in its complaint, I am familiar with the copyright concept as I do so with Kosherco itself. Therefore, had there been a copyright indication I would have noticed it and would certainly not have used the photo. And, therefore, of course, as soon as I received a letter informing me of the copyright I immediately ceased using the picture. When, after I stopped using the picture I received a letter asking for $30,000 I was sure I was being scammed and was afraid to continue communicating with them.

4. THAT I have run the data of our sales and during the entire 4 plus years that Kosherco has had the market open for business, to be exact from its January 2021 opening until August 15, 2025 , Kosherco has sold a gross value of **$3305.31** dollars in eggplants. For the period of use of this picture, from JANUARY 2021 THROUGH OCTOBER 31 2023  gross eggplant

sales were 443 UNITS FOR $871.03**.** We made no profit on the eggplant sales. Eggplant is  a

super slow mover and hence the waste would supersede the amount we sold ending in a net

loss.  In fact our entire produce department is lagging and is losing money as a unit even until

today. We simply don't sell enough produce to make a profit yet.

5.THAT  I know all the above to be true and correct from personal knowledge and would so

testify if called as a witness at trial.

EXECUTED this 20th day of August 2025 at New York, New York under the laws of the

United States of America

*daniel hocht*

DANIEL HECHT


## DECLARATION OF MELVIN TEITELBAUM

I, MELVIN TEITELBAUM, declare:


1.   THAT I am an attorney licensed to practice law in te State of California and admitted to

practice before the United States Courts in the Central District of California.

2.  THAT on July 2, 2025 I sent an email to lauren Hausman, counsel for plaintiff

ROCKEFELLER, herein asking her to call meto call me to discuss resolution of this matter

without further litigation.(exhibit "A" hereto  designated by circled "1" )

3.  THAT I then sent a simila email to her on July 3, 2025 asking for a 2 week extension to respond

(exhibit "A" hereto  designated by circled "2" )

4.  THAT I then received an agreeable  response thereto from Ms. Hausman on even date of July 3.

.(exhibit "A" hereto  designated by circled "3" )

5. THAT I then received an email from Ms Hausman on July 7 informing me that the court had issued an OSC re dismissal by July 11. .(exhibit "A" hereto  designated by circled "5" )

6. THAT I responded asking that we talk by phone to see if we can resolve this without litigation .(exhibit "A" hereto  designated by circled "6" )

7. THAT we then spoke by phone and on July 8 I explained our view of the action and made her a specific offer .(exhibit "A" hereto  designated by circled "7"  ----dollar amount redacted)

8. THAT I heard nothing further from Ms Hausman until 2:05 pm July 25 .(exhibit "A" hereto  designated by circled "8" ---dollar amount redacted)when she sent me an email that  I should look on Pacer to see that the Answer was then due. As a sabbath observant orthodox Jew I leave the office by 1 pm Fridays and I did not see this email until the following Monday, July 28 when I responded to Ms. Hausman in astonishment that I had heard nothing from her in the intervening 2 weeks, no response to our offer no information from her or the court and assumed that she realized the minimal value of this case and was not proceeding. .(exhibit "A" hereto  designated by circled "9"  ----dollar amount redacted)

9. THAT her colleague then responded .(exhibit "A" hereto  designated by circled "10"  ----dollar amount redacted) without explaining why I had not heard from anyone about anything in the intervening 2 weeks.

10. THAT I then again responded with astonishment and explained that I would not be able to file anything for this defendant until Monday August 4. .(exhibit "A" hereto  designated by circled "11"  ----dollar amount redacted)

11. THAT thereafter I was not able to contact my client until the following Monday August 11 because that week he was incapacitated by his condition of Cardio Myopathy and super high blood pressure.

12. THAT had I filed then I would have filed a motion to dismiss for the failure of plaintiff to

follow through on its assurance to the court that 2 weeks were requested for negotisations

Plaintiff simply did not at all engage in.Plaintiff on its "Agreed" motion filed a proof of

service that the court would serve the parties, knowing full well that defendant would not, thus,

be served and yet plaintiff did not even serve a courtesy coand explained why it

**13.** THAT on August 12, 2025 at about 1 pm EST I had a phone conference with Ms Hausman

discussing the basis for this motion to set aside per the bullet points I had emailed her the prior

day, to wit,

1. Not aware it was copyright
2. Stopped as soon as received letter
3. Letter asking for 30 grand smelled of scam
4. Usage period was very brief and limited to a local insular market
5. Eggplant income , gross, for period of usage was not much more than 200, if that
6. Unaware that "Agreed" motion was filed....before and after
7. Action should have dismissed since plaintiff did not engage in any negotiations at all during relevant "Agreed" period
8. For religious reasons, and it now turns out health reasons as well, defendant was not able to file Answer after supposed
   "Agreed" period ended......which was also an event defendant was never made aware of.

14. THAT  I know all the above to be true and correct from personal knowledge and would so

 testify if called as a witness at trial.

 EXECUTED this 20th day of August 2025 at Los Angeles, California under the laws of the

United States of America.

*melvin teitelbaum*

MELVIN TEITELBAUM

## Mel Teitelbaum

| | |
|---|---|
| **From:** | Mel Teitelbaum <melteitelbaum@earthlink.net> |
| **Sent:** | Wednesday, July 30, 2025 3:06 AM |
| **To:** | 'Daniel DeSouza' |
| **Cc:** | 'Lauren Hausman'; 'Tia Kelly' |
| **Subject:** | RE: Rockefeller Photos, LLC v Kosherco LLC d/b/a Koshco Superstore |



Dan,

Thankyou for your response realizing especially that you're stepping in into an ongoing matter.

The whole idea was to extend for 2 weeks to allow time to negotiate......but there was simply none of that. As I pointed out, after I made the offer of 1500 I heard nothing.....there was total silence from your side....I heard nothing and was served nothing...so it was most reasonable to conclude that reason prevailed and your office realized this is a de minimus case and not worth the digital space it is occupying.

The email that you point to that you think I overlooked, is in fact what I responded to....I see that it came in Friday afternoon when I was already out of the office for the sabbath which had special significance this week prompting me to leave by mid day and I didn't see it until Monday and BOY WAS I surprised when I saw it. Like I said, in the interim 2 weeks, I had heard nothing, received nothing, was served with nothing, had no reason to believe your office was doing anything further on this.

And w/o getting into an extensive religious seminar, we're in a "9 day period" in which strictly observant orthodox Jews are precluded specifically from filing in any court. It's not widely known because we easily do it quietly and are prepared to avoid it. So my client is religiously precluded from filing anything until next Monday. And it seems to me you are duty bound to acknowledge the total absence of any negotiations and the court should dismiss the case since your office did not conduct any negotiations whatsoever which was the purpose of the 2 weeks.

Having said all that, I was certainly pleased that you did make the effort to negotiate and it seems to me you reach the same conclusion as to the insignificance we're engaged in. You indirectly acknowledge that we even offered more than we should have. And you have no factual basis to assume that for this infinitesimal volume of eggplants you should now proceed to litigate and spend thousands of dollars to determine my client's intent. This, after you know that my client ceased and desisted as soon as your letter was received and that in its entire 2 plus years in existence they sold a volume of little over 500 dollars, gross, in eggplants. I am confident that any court will conclude that you should not even be entitled to fees when they are self generated and self motivated as part of baseless pressure tactics. It just makes it clear that my client had good reason to believe it was being scammed when your cease and desist letter was followed up by that magnanimous 30G "settlement" request. The only thing that can be said about that request to make it appear non-scamm is that it didn't originate from some far-off Asian, African, or Pacific Island country.

From: Daniel DeSouza <dan@copycatlegal.com>
Sent: Tuesday, July 29, 2025 6:43 AM
To: melteitelbaum@earthlink.net
Cc: Lauren Hausman <lauren@copycatlegal.com>; Tia Kelly <tia@copycatlegal.com>
Subject: RE: Rockefeller Photos, LLC v Kosherco LLC d/b/a Koshco Superstore

1

Mel,

Lauren is out of the office this week on vacation so I'm responding in her stead. You seem to have glossed over her below e-mail where she: (a) reminded you that Koshco's response to the Complaint was due 7/25/25 (after we already provided the courtesy of filing an extension motion on behalf of your client) and (b) provided a counter to your client's offer.

I obviously know nothing about your client's business, but I will respond briefly as to the generosity of the offer which seems to have you somewhat heated. I don't purport to know how any particular judge/jury is going to decide a matter, but I do know that the standard range for statutory damages under the Copyright Act is $750.00 - $30,000.00 (which can be increased up to $150k if willfulness is found or reduced to $200 if innocent). Assuming we're in the standard range, the minimum our client is getting here is $750.00 + $490.00 (taxable costs to date) = $1,240.00. And that excludes any notion of interest or prevailing party fees. So while you might believe that s an amazing offer, please understand it is worst case scenario for our client (unless of course Kosherco has some defense we're unaware of).

If you're confident the Court will award the minimum and not award fees, so be it. We do thousands of these cases every year, and I do not share that confidence in predicting any judgment amount/whether fees will be awarded. This could certainly be $750, but it would be foolish to assume that or any other amount. Given that we already have more in fees than the current offer, you can hopefully understand our client's position on the offer.

But yes, we now have an Order to Show Cause to respond to due to your client failing to appear/respond by the agreed date. We'll be filing our response to the Order to Show Cause today and, if nobody has appeared by 8/1, we have no choice but to file for a Clerk's default. That's not to say we oppose a further extension of time (filed by the defendant rather than us), but we now need to expend further time/effort in dealing with an Order to Show Cause due to a response deadline being missed by your client.

- Dan

**CopyCat**

**Daniel DeSouza**
Managing Attorney

CopyCat Legal PLLC
3111 North University Drive,
Suite 301
Coral Springs, Florida 33065

T  877-HERO-CAT (877-437-6228)
E  dan@copycatlegal.com
   www.copycatlegal.com

**You Create.**
**Copycat Protects.™**



**From:** Mel Teitelbaum <melteitelbaum@earthlink.net>
**Sent:** Monday, July 28, 2025 6:13 PM
**To:** Lauren Hausman <lauren@copycatlegal.com>
**Cc:** Tia Kelly <tia@copycatlegal.com>
**Subject:** RE: Rockefeller Photos, LLC v Kosherco LLC d/b/a Koshco Superstore

Lauren,

What gives? Didn't you dismiss this already?

I have heard nothing (not from you & not from the court) since I offered you the ▓▓▓▓....so I figured you realized this was an extremely de minimus case and you let it go per the court's OSC, and I was just waiting to hear from you where to send ▓▓▓▓And BTW, the $529 figure I quoted represents the gross sales of eggplants for the entire 2 plus years this store has been in business... I haven't bothered to ask the client to break it down to sales during any relevant period here or the net from sales during such relevant period. I was certain that the ▓▓▓offer, way more than even any treble damages,  sufficed to just end this nuisance matter........

**From:** Lauren Hausman <lauren@copycatlegal.com>
**Sent:** Friday, July 25, 2025 2:05 PM
**To:** melteitelbaum@earthlink.net
**Cc:** Tia Kelly <tia@copycatlegal.com>
**Subject:** RE: Rockefeller Photos, LLC v Kosherco LLC d/b/a Koshco Superstore

Mel,

I hope you are well. Apologies for the delay. I have been tied up in other litigation matters.  While my client did not agree to the ▓▓▓, my client was willing to make a significant reduction to get the ball rolling and in a show of good faith. My client was willing to reduce its ▓▓▓▓ proposed settlement amount to ▓▓▓▓.

In case you have not seen on Pacer, Defendant's answer is due today. My client remains open to resolution. That said, if you would like to file an unopposed motion for extension of time, you can let the court know Plaintiff consented. I cannot file it on Defendant's behalf, as I am about to be out of the country. Along those lines, please copy Tia on any response. She will either make sure the email gets to me or will route it to another attorney in the firm in my absence.

I look forward to hearing from you.

Thank you,
Lauren



**Lauren Hausman, Esq.**
Attorney

CopyCat Legal PLLC
3111 North University Drive,
Suite 301
Coral Springs, Florida 33065

**T** 877-HERO-CAT (877-437-6228)
**E** lauren@copycatlegal.com
   www.copycatlegal.com

**You Create.
Copycat Protects.™**



**From:** Mel Teitelbaum <melteitelbaum@earthlink.net>
**Sent:** Tuesday, July 8, 2025 4:33 PM
**To:** Lauren Hausman <lauren@copycatlegal.com>
**Subject:** Rockefeller Photos, LLC v Kosherco LLC d/b/a Koshco Superstore

Lauren....thankyou for taking my call.

As I pointed out...kosherco's records show they sold $529 in eggplants during the relevant period and stopped using the photo as soon as they received the letter. I am authorized to offer to settle for ~~$~~. and, yes, please let's put this to bed before you or I have to churn away and file anything more with the court. Thankyou again.

*mel teitelbaum*

**Melvin Teitelbaum**
**Attorney at Law**
**7162 Beverly Blvd. # 123**
**Los Angeles, CA 90036**
**(213) 804-3001**

**From:** Mel Teitelbaum <melteitelbaum@earthlink.net>
**Sent:** Monday, July 7, 2025 10:22 PM
**To:** 'Lauren Hausman' <lauren@copycatlegal.com>
**Subject:** FW: Rockefeller Photos, LLC v Kosherco LLC d/b/a Koshco Superstore

I was oping we can talk and put this to bed.......hopefully tomorrow.....tell me when

**From:** Lauren Hausman <lauren@copycatlegal.com>
**Sent:** Monday, July 7, 2025 7:00 PM
**To:** melteitelbaum@earthlink.net
**Cc:** Tia Kelly <tia@copycatlegal.com>
**Subject:** RE: Rockefeller Photos, LLC v Kosherco LLC d/b/a Koshco Superstore

Hi Mel,

I just wanted to inquire as to whether you plan to file a motion for extension of time? The court just entered a show cause order:

**MINUTES OF IN CHAMBERS - ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION by Judge Dolly M. Gee: The Court, on its own motion, orders plaintiff(s) to show cause in writing on or before 7/11/2025 why this action should not be dismissed for lack of prosecution. The Order will stand submitted upon the filing of a responsive pleading or motion on or before the date upon which a response by plaintiff(s) is due. This action will be dismissed if the document(s) mentioned in this order are not filed by the date indicated above. See document for further details. Court Reporter: Not Reported.**

Please let me know.

Thanks,
Lauren

4



**Lauren Hausman, Esq.**
Attorney

CopyCat Legal PLLC
3111 North University Drive,
Suite 301
Coral Springs, Florida 33065

T 877-HERO-CAT (877-437-6228)
E lauren@copycatlegal.com
www.copycatlegal.com



**You Create.
Copycat Protects.™**

**From:** Mel Teitelbaum <melteitelbaum@earthlink.net>
**Sent:** Thursday, July 3, 2025 10:25 PM
**To:** Lauren Hausman <lauren@copycatlegal.com>
**Cc:** Tia Kelly <tia@copycatlegal.com>
**Subject:** RE: Rockefeller Photos, LLC v Kosherco LLC d/b/a Koshco Superstore



thankyou

**From:** Lauren Hausman <lauren@copycatlegal.com>
**Sent:** Thursday, July 3, 2025 6:52 PM
**To:** melteitelbaum@earthlink.net
**Cc:** Tia Kelly <tia@copycatlegal.com>
**Subject:** Rockefeller Photos, LLC v Kosherco LLC d/b/a Koshco Superstore



Hi Mel,

So sorry for the delay. We have no problem with a two-week extension. I look forward to working with you on this matter.

Thanks!
Lauren



**Lauren Hausman, Esq.**
Attorney

CopyCat Legal PLLC
3111 North University Drive,
Suite 301
Coral Springs, Florida 33065

T 877-HERO-CAT (877-437-6228)
E lauren@copycatlegal.com
www.copycatlegal.com



**You Create.
Copycat Protects.™**



**From:** Mel Teitelbaum <melteitelbaum@earthlink.net>
**Sent:** Thursday, July 3, 2025 6:50 PM
**To:** Lauren Hausman <lauren@copycatlegal.com>
**Subject:** RE: case captioned below

Ms hausman,

Haven't heard back from you.....realize holiday is approaching.....

Request 2 week extension to respond to complaint to give us time to try and settle......after all
How many eggplants to you think kosherco sold during the relevant period......they're checking it out and will send
me the info

Thankyou

*mel teitelbaum*

**Melvin Teitelbaum**
**Attorney at Law**
**7162 Beverly Blvd. # 123**
**Los Angeles, CA 90036**
**(213) 804-3001**

**From:** Mel Teitelbaum <melteitelbaum@earthlink.net>
**Sent:** Wednesday, July 2, 2025 4:51 PM
**To:** 'lauren@copycatlegal.com' <lauren@copycatlegal.com>
**Subject:** case captioned below

Hello Ms Hausman,

I have been asked to represent KOSHERCO in this matter.
I just left you a voicemail as well.

Please call me at your earliest convenience to discuss resolution
of this matter w/o any need for further litigation.

Very truly yours,

*mel teitelbaum*

**Melvin Teitelbaum**
**Attorney at Law**
**7162 Beverly Blvd. # 123**
**Los Angeles, CA 90036**
**(213) 804-3001**

877-437-6228
E: lauren@copycatlegal.com
Attorney for Plaintiff
ROCKEFELLER PHOTOS, LLC
IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
ROCKEFELLER PHOTOS, LLC,

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

*melvin teitelbaum*

MELVIN TEITELBAUM